UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEALTH FREEDOM DEFENSE
FUND, FEDERAL EMPLOYEES
FOR FREEDOM, RAYLENE
WORLEY, CHRISTOPHER WALSH,
CHARLES MATTHEW CONROY,
JUSTIN AARON CURTIS,
KIMBERLY ELSHOLZ and JOSEPH
AARON WILLIAMS,

    Plaintiffs,

v.                            Case No: 8:21-cv-2679-MSS-JSS

JOSEPH R. BIDEN, JR., SAFER
FEDERAL WORKFORCE TASK
FORCE, KIRAN AHUJA, ROBIN
CARNAHAN and JEFFREY ZIENTS,

    Defendants.

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Joint Motion to Transfer. (Dkt. 26) Therein, the Parties jointly request that the Court transfer this matter to United States District Judge Steven D. Merryday, who is assigned to an earlier-filed, related case captioned State Department Employee #1 et al. v. Austin et al., No. 8:22-cv-364-SDM-TGW. (Id.) Local Rule 1.07(a)(2)(B) permits a motion to transfer a related case, with the consent of the transferee judge, "[i]f actions before different judges present the probability of inefficiency or inconsistency[.]"

State Department Employee #1 et al. v. Austin et al., involves claims brought by civilian federal employees asserting that the employee vaccination requirement in Executive Order 14043[1] violates the Religious Freedom Restoration Act ("RFRA"), the First Amendment, the Federal Food, Drug, and Cosmetic Act ("FDCA"), and the Administrative Procedures Act ("APA"). No. 8:22-cv-364-SDM-TGW at Dkt. 14. The instant case, while also challenging the employee vaccination requirement in Executive Order 14043, involves allegations that the Executive Order violates Office of Personnel Management ("OPM") regulations governing personnel records, fundamental rights protected by the Constitution, and the Equal Protection Clause. (Dkt. 1)

Upon detailed review, the Court finds that, while the two cases overlap and both seek to enjoin enforcement of Executive Order 14043, they are not sufficiently similar to warrant transfer. Accordingly, the Joint Motion to Transfer, (Dkt. 26), is **DENIED**. Plaintiffs' Request for Ruling on Joint Motion to Transfer, (Dkt. 35), seeking a ruling on the Joint Motion to Transfer prior to March 30, 2022 is **STRICKEN AS IMPROPER**. A motion is a request for a ruling, and a separate request for a ruling is not required.

The Court further notes that Executive Order 14043 is currently subject to an order preliminarily enjoining its enforcement nationwide. See Feds for Med. Freedom

---

[1] Executive Order 14043 directs federal agencies to implement, consistent with applicable law, a program to require that their employees be vaccinated against COVID-19 unless a legally required exception applies. See Exec. Order No. 14043 § 2, 86 Fed. Reg. 50,989, 50,990 (Sept. 14, 2021).

v. Biden, No. 3:21-CV-356, 2022 WL 188329, at *8 (S.D. Tex. Jan. 21, 2022). That injunction is currently being challenged on appeal in the Fifth Circuit Court of Appeals. Feds for Med. Freedom v. Biden, No. 22-40043 (5th Cir.). In the interests of efficiency and judicial economy, the Court finds it appropriate to stay this matter pending resolution of the appeal of the nationwide injunction. The Clerk is directed to **STAY** and **ADMINISTRATIVELY CLOSE** this action. Within **fourteen (14) days** of the date that a mandate is issued in that case, the parties are directed to file a joint notice and motion requesting such relief as is appropriate. If either party opposes a stay of this action, that party is directed to file a motion for reconsideration within **seven (7) days** of the date of this Order.

    **DONE** and **ORDERED** in Tampa, Florida, this 25th day of March 2022.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person